IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-161 |
| | ) | |
| TAMRAL GUZMAN, and | ) | (VARLAN/SHIRLEY) |
| MAIMOUNE WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 16, 2012, for a motion hearing on Defendant Wright's Motion to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions [Doc. 129], filed on February 28, 2012, and Defendant Tamral Guzman's Motion to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions [Doc. 130], filed on March 14, 2012. Assistant United States Attorneys Alexandra Hui and Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Michael B. Menefee was present representing Defendant Guzman. Attorney Michael H. Meares was present representing Defendant Wright. Both Defendants were also present.

Defendant Wright asks the Court to continue the April 24, 2012 trial date because she has experienced some financial reversals and has had to file for bankruptcy in February 2012. Her

1

financial difficulties have affected her ability to pay for expert witnesses, service of subpoenas, and other trial preparation expenses. At the hearing, Attorney Meares related that Defendant Wright's present financial situation would require her to pursue less expensive but more time-intensive avenues of preparation. Mr. Meares also argued that additional time was needed for the Defendant to receive rulings on pending motions, some of which would affect the defense. Finally, Mr. Meares stated that his recent involvement in another federal case had prevented him from spending as much time on this case and that he needed additional time to complete trial preparations.

Defendant Guzman also requests a trial continuance, stating that counsel needs additional time to review voluminous discovery related to the structuring counts added in the Third Superseding Indictment [Doc. 103]. Attorney Menefee stated that the complexity of the issues required him to review the discovery with an accountant. He also stated that he was recently able to access encrypted electronic discovery, with the aid of the government attorneys and a computer expert, and needed additional time to complete his review of these materials.

Finally, the Government joined in the request for a continuance due to a change in counsel. AUSA Hui stated that she would be leaving the Eastern District and that AUSA Jennifer Kolman would be taking her place. She stated that AUSA Kolman would need time to familiarize herself with the case and to assist AUSA Dale with trial preparation. The parties agreed to a new trial date of August 14, 2012.

The Court finds the motions to continue the April 24, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that on November 1, 2011, the Government filed a Third Superseding Indictment, adding fifty-four new

counts against Defendant Guzman and extending the length of the conspiracy and changing language in Count 1, which charges both Defendants. Defendant Guzman's counsel needs time to complete his review of this discovery relating to these new counts and to prepare for trial. Additionally, Defendant Wright needs additional time to prepare the case for trial with reduced financial resources. Finally, the Government's attorneys also need additional time for trial preparation, as AUSA Hui is leaving the district and a new assistant United States attorney will be replacing her.

The Court has already found [Doc. 112] this case to be complex for speedy trial purposes due to the nature of the prosecution involving fifty-seven counts and the presence of complex legal and factual issues making it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). In this regard, the Court observes that seven pretrial motions remain pending in this case. Once the Court rules on the remaining pretrial motions, some of which rulings will be by report and recommendation, the parties will need time to file any appeals or objections with the District Court, which will also need time to rule on the motions in light of the objections. 18 U.S.C. § 3161(h)(1)(H). Following the receipt of rulings on pretrial motions, the parties will need time to prepare for trial. The Court finds that all of this could not take place by the December 6, 2011 trial date or in less than five months. Accordingly, the Court finds that the failure to grant a continuance would deny counsel the time needed to prepare for trial, despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendants' motions for a continuance [**Docs. 129 and 130**] are **GRANTED**, and the trial of this matter is reset to **August 14, 2012**. The Court also finds that all the time between the filing of Defendant Wright's motion on **February 28, 2012**, and the new trial date of **August**

3

**14, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), and -(7)(A)-(B). With regard to other scheduling in this case, the deadline for providing reciprocal discovery is reset to **June 1, 2012**. The deadline for concluding pretrial negotiations in this case is **July 16, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **July 30, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **August 3**, **2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.[1]

> Accordingly, it is **ORDERED**:
>
> (1) Defendant Wright's and Defendant Guzman's Motions to Continue Trial Date and to Extend Deadline for Filing Pretrial Motions Motion for Continuance [**Docs. 129 and 130**] are **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **August 14, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the motion on **February 28, 2012**, and the new trial date of **August 14, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The deadline for filing reciprocal discovery is **June 1, 2012**;
>
> (5) The plea negotiation cut-off deadline is set for **July 17, 2012;**

---

[1] Although the title of both motions to continue requests an extension of the motion deadline, neither Defendant addressed the need for additional time to file motions in her motion or at the hearing. Defendant Guzman's motion merely again requests that the Court extend the time for pretrial motions in her prayer for relief at the end of her motion. The last motion deadline in this case expired on August 1, 2011. [Doc. 57] The Court sees no reason to extend the motion deadline at this juncture. If the Defendants determine a need to file additional pretrial motions, they must move the Court for leave to file the motions, attaching a copy of the motion that is desired thereto.

4

(6) The Court instructs the parties that all motions *in limine* must be filed no later than **July 30, 2012**; and

(7) Special requests for jury instructions shall be submitted to the District Court no later than **August 3**, **2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge